UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDO DEMETRIUS MITCHELL,

                 Plaintiff,                Civil Action No. 23-10325

v.                                        David M. Lawson
                                            United States District Judge

FRANK LAMARCA, *et al.*,         David R. Grand
                                            United States Magistrate Judge

                 Defendants.
_____/

## REPORT AND RECOMMENDATION TO CONSTRUE PLAINTIFF'S "RESPONSE TO COURT ORDER" (ECF NO. 13) AS AN AMENDED COMPLAINT, TO DISMISS IN PART THAT AMENDED COMPLAINT, AND TO DIRECT SERVICE ON DEFENDANT DARREL BARROWS, M.D.

**I.    REPORT**

    **A.    Background**

On February 8, 2023, Plaintiff Orlando Demetrius Mitchell ("Mitchell"), a prisoner currently incarcerated in the G. Robert Cotton Correctional Facility, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1). In his complaint, Mitchell named as defendants Frank Lamarca, M.D. ("Dr. Lamarca"), Henry Ford Allegiance Hospital ("Allegiance"), and an unspecified number of John and Jane Does, alleging that they violated his rights under the Eighth Amendment.[1] (*Id.*).

In his complaint, Mitchell alleges that, in 2018, while he was incarcerated at the St.

---

[1] On February 27, 2023, Mitchell was granted leave to proceed *in forma pauperis* in this matter. (ECF No. 5).

Louis Correctional Facility ("SLF") in St. Louis, Michigan, he experienced a sharp pain emanating from a lump in his lower back. (*Id.*, PageID.7). After a few months, Mitchell was seen by an outside specialist, neurosurgeon Dr. Lamarca. (*Id.*, PageID.8). Mitchell consented to Dr. Lamarca's recommendation for surgical removal of the lump and of a cyst on his spinal cord. (*Id.*).

The surgery was performed at Allegiance in February 2020. (*Id.*). According to Mitchell, after the surgery, Dr. Lamarca informed him that the mass on his spinal cord was removed and sent for testing. (*Id.*). Mitchell alleges that he has never received a report with the results of this testing. (*Id.*, PageID.8-9). Mitchell also states, without explanation, that the lump in his lower back was not removed and continues to cause him severe pain. (*Id.*, PageID.8). He allegedly wrote multiple requests to be seen by another outside specialist, but at the time of the filing of his complaint, a follow-up visit had not been scheduled. (*Id.*, PageID.10). At some point, Mitchell was transferred to the Kinross Correctional Facility ("KCF") where he continued to make unfulfilled requests for treatment. (*Id.*, PageID.10-11). He alleges that the lump continues to grow and that he now suffers from partial paralysis in his right leg. (*Id.*, PageID.11). In addition to pecuniary damages, Mitchell seeks injunctive relief in the form of an order directing that he "be seen by a specialist as soon as possible to determine what has to be done to remedy his medical problem . . ." (*Id.*, PageID.14).

On October 18, 2023, this case was referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b). (ECF No. 11). On November 14, 2023, the Court received the filing now at issue, titled "Plaintiff's Response to Court Order Directing

Service Dated October 11, 2023 and Court Order Referring the Case Dated October 18, 2023." (ECF No. 13). This filing – which consists of 117 pages – contains four pages in which Mitchell purports to set forth claims against numerous individuals not named in the original complaint (presumably the John/Jane Does referenced therein).[2] (*Id.*, PageID.20-23). Indeed, in the caption of his filing, Mitchell lists as defendants not just Dr. Lamarca and Allegiance, but also: the Michigan Department of Corrections ("MDOC"); KCF; Warden Mike Brown; Deputy Warden Jeffrey Howard; Deputy Warden Barb Storay; Deputy Warden Bruce Bigger; Warden Secretary Sherry Lajole; Prison Counselor Kandy Wright; Kirt Mahar; Patricia Lamb, RN; Grievance Coordinator M. Gustafson; Hearings Administrator Richard D. Russell; SLF; and Darrel Barrows, M.D. (*Id.*, PageID.20).

It appears, then, that in filing his "Response" to this Court's orders, Mitchell is attempting to amend his complaint to add allegations against the fourteen new individuals/entities listed above. Although Mitchell's filing is not styled as an "Amended Complaint," pursuant to Fed. R. Civ. P. 15(a)(1)(B), Mitchell was permitted to amend his complaint once as a matter of course, as no responsive pleading or Rule 12(b) motion had been filed at the time he submitted the document at issue. In the interests of justice, then, the Court will construe Mitchell's "Response" as an amended complaint and proceed, pursuant to 28 U.S.C. §§ 1915A and 1915(e), to evaluate the sufficiency of this pleading. For the reasons set forth below, the Court recommends dismissing Defendants MDOC, KCF, SLF, Brown, Howard, Storay, Bigger, Lajole, Wright, Mahar, Gustafson, Russell,

---

[2] The remainder of the filing includes a copy of Mitchell's original complaint, as well as various additional documents (including medical, grievance, and misconduct hearing-related records).

and Lamb (*i.e.*, all of the new defendants except Dr. Barrows).

  **B.**  **Legal Standard**

  Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, the Court must dismiss a prisoner complaint seeking redress against government entities, officers, and employees where it finds the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[3]

  A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* at 555.

---

[3] Dr. Lamarca and Allegiance have filed a joint motion to dismiss that is fully briefed. (ECF Nos. 21, 23, 24). The Court will consider the arguments raised in that motion in a separate Report and Recommendation.

4

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see*

5

*also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### C. Discussion

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional, not merely negligent. *See Butler v. Pickell*, No. 21-10817, 2021 WL 3566276, at *2 (E.D. Mich. Aug. 12, 2021) (citing *Fisher v. City of Memphis*, 234 F.312, 317 (6th Cir. 2000)).

#### 1. Defendants MDOC, KCF, and SLF

First, to the extent Mitchell is naming the MDOC as a defendant, a claim against this entity fails as a matter of law. The United States Supreme Court has long held that the Eleventh Amendment bars suit against a state and its agencies in federal court absent the state's consent. *See Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *see also Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996) (reaffirming *Hans*). As the Honorable Robert H. Cleland recently explained:

> Plaintiff's complaint against certain defendants must be dismissed, in part, based on immunity. Plaintiff sues the MDOC and several MDOC defendants in their official capacities for monetary damages. The Eleventh Amendment, however, bars civil rights actions against a state and its agencies and departments unless the state has waived

> its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan … has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Additionally, Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Thus, Plaintiff's claims for monetary damages against the MDOC and MDOC employees sued in their official capacities must be dismissed because these defendants are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545.

*Pettway v. Michigan Dep't of Corrs.*, No. 19-11201, 2019 WL 2369281, at *2 (E.D. Mich. June 5, 2019). *See also Merrill v. Whitmer*, No. 22-10541, 2022 WL 1004635, at *4 (E.D. Mich. Apr. 4, 2022) ("Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief against the state and its departments.'" Plaintiff's claims for monetary damages and injunctive relief against MDOC must be dismissed because it is entitled to Eleventh Amendment immunity." (citations omitted). Thus, to the extent Mitchell is suing the MDOC, his claims against it are barred by Eleventh Amendment immunity.

Similarly, to the extent Mitchell is pleading claims against KCF and/or SLF, such claims must be dismissed. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that prison

7

facilities are not persons or legal entities subject to suit under § 1983. *See Anderson v. Morgan Cty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sept. 21, 2016) (ruling that a state prison is not subject to suit under § 1983); *Brooks v. Huron Valley Men's Prison*, No. 06-12687, 2006 WL 2423106, *1 (E.D. Mich. Aug. 21, 2006) (citing cases establishing that a prison building is not a "person" subject to suit under § 1983); *see also Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law establishing that governmental departments and agencies are not persons or legal entities subject to suit under § 1983). Consequently, Mitchell's claims against KCF and SLF must be dismissed for failure to state a claim upon which relief may be granted.

2. *Defendants Brown, Howard, Storay, Bigger, Lajole, and Wright*

In his "amended complaint," Mitchell alleges that, on April 5, 2022, he informed Defendants Brown, Howard, Storay, Bigger, Lajole, and Wright that he had been denied "due process" with respect to certain misconducts that had been issued to him around that time. (ECF No. 13, PageID.21-22). Mitchell makes no further allegations against any of these individuals.[4]

---

[4] Mitchell also alleges that, on April 11, 2022 – more than two years after the back surgery at issue in his original complaint – Defendant Wright "wrote to impose phone restrictions in retaliation of plaintiff exhausting that in accordance with MCL 791[.]254, a rehearing shall be ordered." (ECF No. 13, PageID.22). Even if the Court could somehow make sense of this allegation, it is wholly unrelated to the events at issue in Mitchell's original complaint and, thus, is not proper under Rule 20's joinder provisions. *See, e.g., Odom v. Christiansen*, No. 1:18-cv-81, 2018 WL 4959059, at *3 (W.D. Mich. Oct. 15, 2018) (dismissing, *sua sponte*, parties who are not properly joined; citing cases for the proposition that permitting "expansive joinder in prisoner civil rights actions would undermine the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts"). If Mitchell wants to bring a "retaliation" claim against Wright stemming from events that allegedly occurred in April 2022, he will need to file a new lawsuit to do so.

8

Dismissal of Mitchell's amended complaint is appropriate as to these six KCF staff members, as Mitchell has not sufficiently alleged their personal involvement in any alleged wrongdoing. In order to demonstrate liability under § 1983 as to any particular defendant, a plaintiff must make a clear showing that each defendant was personally involved in the activity that forms the basis of the complaint. *See Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Moreover, § 1983 liability cannot be premised upon mere allegations of *respondeat superior*, *i.e.*, supervisory liability; rather, a defendant can only be liable under § 1983 if the plaintiff shows that he personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Bellamy*, 729 F.2d at 421. A supervisory official's mere awareness of a complaint of allegedly illegal conduct, and his subsequent failure to take corrective action, is insufficient to trigger § 1983 liability. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). Rather, liability under § 1983 must be based upon active unconstitutional behavior, not a "mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

In this case, although Defendants Brown, Howard, Storay, Bigger, Lajole, and Wright are named as defendants in Mitchell's "amended complaint," he pleads no specific factual allegations pertaining to any of them. Indeed, Mitchell indicates only that he "notified" these individuals of certain alleged "due process violations." (ECF No. 13, PageID.22). But their mere awareness of Mitchell's complaints does not give rise to §

9

1983 liability. *See Poe*, 853 F.2d at 429. Thus, dismissal of Mitchell's claims against Defendants Brown,[5] Howard, Storay, Bigger, Lajole, and Wright is appropriate.

### 3. Defendants Mahar, Gustafson, and Russell

In his "amended complaint," Mitchell makes no specific allegations whatsoever as to Defendant Mahar. (ECF No. 13). Thus, Mahar should be dismissed as a defendant. *See Bellamy*, 729 F.2d at 421.

With respect to Defendant Gustafson, the only indication of his involvement in alleged wrongdoing is that, as Grievance Coordinator, he denied or rejected one or more grievances filed by Mitchell. (ECF No. 13, PageID.66; ECF No. 13-1, PageID.131, 133). As set forth above, however, such an action is insufficient to state a claim under § 1983. *See Shehee*, 199 F.3d at 300 (prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that their failure to act constituted an acquiescence in the unconstitutional conduct); *see also O'Brien v. Michigan Dep't of Corrs.*, 592 F. App'x 338, 341 (6th Cir. 2014) (holding that the denial of an administrative grievance was "insufficient to show personal involvement in the alleged unconstitutional conduct as required to state a claim under § 1983").

---

[5] Additionally, the documents attached to Mitchell's "amended complaint" reflect that Defendant Brown responded to one or more grievances filed by Mitchell. (ECF No. 13-1, PageID.135,). However, the Sixth Circuit has held that, where the defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances," the defendant cannot be held liable under § 1983. *Shehee*, 199 F.3d at 300; *see also Sigourney v. Danielson*, No. 1:23-cv-613, 2023 WL 5362715, at *4 (W.D. Mich. Aug. 22, 2023) ("prisoner's allegation that a defendant improperly denied, or responded to, a grievance is not a claim of constitutional dimension") (citing cases).

Moreover, although Mitchell does not set forth any specific allegations against Defendant Russell in his "amended complaint," documents attached to this filing show that, in his role as Hearings Administrator, Russell found Mitchell guilty of one or more misconducts and/or denied one or more requests for rehearing. (ECF No. 13, PageID.71, 72, 76, 77, 80, 81; ECF No. 13-1, PageID.127). However, prison hearings officers in Michigan are entitled to absolute judicial immunity from liability in a § 1983 suit challenging their actions in conducting an administrative hearing. *See Goldsmith v. Sharrett*, 614 F. App'x 824, 827 (6th Cir. 2015). Thus, Mitchell's claims against Defendant Russell also should be dismissed. *See Spirdione v. Washington*, No. 22-11018, 2022 WL 1557373, at *3 (E.D. Mich. May 17, 2022) (finding, specifically, that "Defendant Russell, as the M.D.O.C. Hearing Administrator, would also be immune from being sued for any actions undertaken in reviewing or refusing to reconsider or overturn the prison hearing officers' decisions.") (citing *Williams v. Bournay*, No. 98-1169, 1999 WL 196532, at *2 (6th Cir. Mar. 22, 1999)).

For all of these reasons, Mitchell's claims against Defendants Mahar, Gustafson, and Russell should be dismissed pursuant to § 1915(e).

4.  *Nurse Lamb*

As to Nurse Lamb, Mitchell alleges only that she provided him with a variety of different prescription medications, apparently in an effort to address his complaints of pain. (ECF No. 13, PageID.22). Mitchell appears to allege that Nurse Lamb's actions violate his Eighth Amendment right to be free from cruel and unusual punishment.

11

The Eighth Amendment's Cruel and Unusual Punishment Clause prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain" upon inmates. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (internal quotations and citations omitted). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

The Sixth Circuit has succinctly explained the standards that a plaintiff must satisfy to state a claim for deliberate indifference to his serious medical needs:

> A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." Mere negligence will not suffice. Consequently, allegations of medical malpractice or negligent diagnosis and treatment generally fail to state an Eighth Amendment claim of cruel and unusual punishment.

*Broyles v. Corr. Med. Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) (internal citations omitted).

It is clear, however, that mere differences of opinion or disagreements between a prisoner and prison medical staff over the kinds of treatment a prisoner needs do not rise to the level of deliberate indifference. *See Umbarger v. Corr. Med. Servs.*, 93 F. App'x 734, 736 (6th Cir. 2004). Courts distinguish between "cases where the complaint alleges

12

a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (internal quotations omitted). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Here, Mitchell has sufficiently alleged the objective component of a deliberate indifference claim, in that he required invasive back surgery by a neurosurgeon and was in distress even after this surgery. With respect to the subjective component, however, Mitchell has not alleged that Nurse Lamb acted with a sufficiently culpable state of mind. Specifically, where Mitchell's allegations against Nurse Lamb are merely that she gave him "oral treatment" in the form of "different prescriptions" (presumably to address his complaints of pain) (ECF No. 13, PageID.22), his claim amounts to nothing more than a difference of opinion over the proper course of treatment, which does not rise to the level of an Eighth Amendment violation.[6] Indeed, Mitchell is not alleging that Nurse Lamb completely denied him medical care; rather, he acknowledges that he received some medical treatment from her, and he merely disputes the adequacy of that treatment. As set forth above, such allegations are insufficient to state an Eighth Amendment claim. *See*

---

[6] Additionally, the documents attached to Mitchell's "amended complaint" reflect that Defendant Lamb also responded to one or more grievances filed by Mitchell. (ECF No. 13, PageID.105, 111). As set forth above, however, simply responding to a prisoner's grievance is insufficient to establish liability under § 1983. *See O'Brien,* 592 F. App'x at 341.

13

*Alspaugh*, 643 F.3d at 169; *Westlake*, 537 F.2d at 860 n. 5.  Thus, Mitchell's claims against Nurse Lamb should be dismissed.

        5.       *Doctor Barrows*

Finally, with respect Dr. Barrows, Mitchell's allegations are sufficient to survive screening under § 1915(e).  In his "amended complaint," Mitchell alleges that Dr. Barrows authorized and approved him for surgery to have a lump removed from his lower back. (ECF No. 13, PageID.21).  Mitchell further alleges, however, that even after Dr. Barrows learned from Dr. Lamarca that the surgery did not go as expected, and allegedly was not entirely successful, he authorized Mitchell "to be taken off medical hold" – a decision that posed a substantial risk of both serious physical and mental harm in violation of the Eighth Amendment.  (*Id.*).

As set forth above, Mitchell has sufficiently alleged the objective component of a deliberate indifference claim, in that he required invasive back surgery by a neurosurgeon. Furthermore, read liberally, Mitchell appears to allege that Dr. Barrows was aware of the fact that Mitchell's back surgery did not go as planned, leaving him in continued pain. According to Mitchell, despite his awareness of this allegedly botched surgery, Dr. Barrows authorized Mitchell to be taken off medical hold, thus putting him at substantial risk of serious harm.  Taken as true, Mitchell has alleged that Dr. Barrows acted with a "sufficiently culpable state of mind" in doing so.

In sum, while Mitchell has by no means proven that Dr. Barrows acted with deliberate indifference, taking Mitchell's allegations as true and viewed in the light most favorable to him, Mitchell's Eighth Amendment claim against Dr. Barrows should not be

14

dismissed at this initial screening stage.

## II. RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** dismissing Defendants MDOC; KCF; SLF; Warden Mike Brown; Deputy Warden Jeffrey Howard; Deputy Warden Barb Storay; Deputy Warden Bruce Bigger; Warden Secretary Sherry Lajole; Prison Counselor Kandy Wright; Kirt Mahar; Patricia Lamb, RN; Grievance Coordinator M. Gustafson; and Hearings Administrator Richard D. Russell.

Additionally, **IT IS ORDERED** that the Clerk of Court is directed to prepare the form necessary to effectuate service of process on Defendant Darrel Barrows, M.D.

Dated: February 27, 2024  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also*

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2024.

                                              s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager