UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDO DEMETRIUS MITCHELL,

                Plaintiff,

v.

FRANK LAMARCA, *et al.*,

                Defendants.

_____/

Civil Action No. 23-10325

David M. Lawson
United States District Judge

David R. Grand
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANTS' MOTION TO DISMISS (ECF No. 28)

On January 23, 2023, Plaintiff Orlando Mitchell ("Mitchell"), an inmate of the

Michigan Department of Corrections ("MDOC") currently incarcerated at the G. Robert

Cotton Correctional Facility, filed this *pro se* civil rights complaint under 42 U.S.C. §

1983.[1] (ECF No. 1). Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred

to the undersigned. (ECF No. 11). In his operative amended complaint, Mitchell alleges,

in relevant part, that defendants Frank Lamarca, M.D. ("Dr. Lamarca") and Henry Ford

Allegiance Hospital ("Allegiance") (collectively, "Defendants") violated his rights under

the Eighth Amendment. (ECF No. 13).[2]

---

[1] Mitchell's case was transferred to this Court from the United States District Court for the Western District of Michigan on February 8, 2023. (ECF No. 3).

[2] Mitchell's operative amended complaint also asserts claims against an unspecified number of John and Jane Does, and a number of other individuals and entities. (ECF No. 13). On February 27, 2024, the undersigned issued a Report and Recommendation to dismiss most of those other individuals and entities, leaving only Allegiance, Dr. Lamarca, the John and Jane Does, and Darrel Barrows, N.P. as defendants in this case. That Report and Recommendation has been adopted. (ECF No. 30, 38). This Report and Recommendation addresses only the motion to dismiss filed by Allegiance and Dr. Lamarca.

Before the Court is a Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6), which was filed by Defendants on March 14, 2024.  (ECF No. 28).  Mitchell filed a response to this motion, and Defendants filed a reply brief.  (ECF Nos. 40, 41).  Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody.  *See* E.D. Mich. LR 7.1(f).  Here, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss **(ECF No. 28)** be **GRANTED**.

## II.    REPORT

### A.    Factual Background

In his amended complaint,[3] Mitchell alleges that, in 2018, while he was incarcerated at the St. Louis Correctional Facility ("SLF") in St. Louis, Michigan, he experienced a sharp pain emanating from a lump in his lower back.  (ECF No. 13, PageID.26).  After "suffering this pain for a few months," Mitchell was seen by an outside specialist, neurosurgeon Dr. Lamarca.  (*Id.*, PageID.27).  Upon Dr. Lamarca's orders, a CT scan and MRI were performed.  (*Id.*).  Mitchell then consented to Dr. Lamarca's recommendation that surgery be performed to remove "the lump in his lower back" and a cyst "which was

---

[3] Attached to Mitchell's amended complaint is a copy of his original complaint.  Thus, the Court will consider the allegations contained in both filings when evaluating Defendants' motion to dismiss.

wrapped around his spine." (*Id.*).[4]

Dr. Lamarca performed the surgery at Allegiance on February 4, 2020. (*Id.*, PageID.40-41). According to medical records attached by Mitchell to his amended complaint, the surgical procedures performed were:

> L2-3 minimally invasive transverse lumbar interbody fusion from right,
>
> Interbody biomechanical device placement,
>
> non segmental posterior fixation,
>
> Right complete foraminotomy and resection of cyst,
>
> Allograft,
>
> Robot assisted neuronavigation

(*Id.*, PageID.40; *see also id.*, PageID.44-49). Despite what the medical records reflect in terms of the surgical procedures performed, as set forth above, Mitchell alleges that Dr. Lamarca performed "the improper surgical procedure of a spinal infusion instead of the proper sergical [sic] procedure to remove the cist [sic] from [his] lower back right side and never made actions to correct the mistake before discharging [Mitchell] from the hospital and taking him off medical hold at the prison housing facility of SLF."[5] (ECF No. 41,

---

[4] Although Mitchell alleges in his amended complaint that Dr. Lamarca "assured [him] during consultation before the surgery that [he] had 2 cists [sic] and would not die or have to worry about any longer of the pain that the cist [sic] in [his] lower back (right side) was causing" (ECF No. 13, PageID.21), medical records attached by Mitchell to his amended complaint indicate that Dr. Lamarca discussed with Mitchell the "risks and benefits" of surgery, up to and including death and "other unforeseen complications" (*Id.*, PageID.50-52).

[5] This allegation is made despite Mitchell elsewhere acknowledging his understanding that he had been authorized "for a surgery of an [sic] cist [sic] to be removed from [his] lower back right side *or an [sic] spinal infusion surgery* by MD Frank Lamarca[.]" (ECF No. 41, PageID.312) (emphasis added).

3

PageID.315).

According to Mitchell, after the surgery, Dr. Lamarca informed him that some unidentified "mistake" had been made; that Dr. Lamarca had believed there were cysts on Mitchell's spine; and that he "sent them to the lab to be tested[.]" (ECF No. 13, PageID.27). Mitchell claims, however, that he has never received a report with the "final result" of this testing. (*Id.*, PageID.27-28). Mitchell also alleges – somewhat inconsistently – that "the lump is still to this day in his lower back and ha[s] not been removed and [is] still causing him serve [sic] pain." (*Id.*, PageID.27).

Notes from a post-operative neurosurgical visit to Allegiance on July 16, 2020, which were attached to Mitchell's amended complaint, indicate that extensive surgical treatment was provided for his back pain and that the cyst was resected intra-operatively:

> Mr. Mitchell returns to clinic for 5 month follow up s/p L2-3 minimally invasive transverse lumbar interbody fusion from right, Interbody biomechanical device placement, non segmental posterior fixation, and Right complete foraminotomy and resection of cyst with Dr. LaMarca on 2/4/2020. He states he is doing well. His leg pain has improved, but he still reports some numbness in his anterior right thigh. He does report some pain in his lower back that is worse with laying on his stomach and sneezing.

(*Id.*, PageID.37). Despite reporting to Allegiance providers in July 2020 that he was "doing well," Mitchell alleges that he subsequently submitted multiple requests to MDOC officials to be seen by another outside specialist concerning the "lump that [was] still present on his back." (*Id.*, PageID.29).

At some point, Mitchell was transferred to the Kinross Correctional Facility ("KCF"), where he allegedly continued to make unfulfilled requests for follow-up

treatment. (*Id.*, PageID.29-30). According to Mitchell, once at KCF, he saw Dr. Timothy

Stallman, who performed a "complete physical examination of his back" and concluded:

> Dr. Lamarca who removed the alleged cist [sic], shouldn't ha[ve]
> performed that surgery. Dr. Stallman stated that just looking at the
> xrays, it showed that the surgeon did not know what he was doing, he
> [presumably Dr. Stallman] personally determined what the cause of
> the pain was in [Mitchell's] lower back (right side), and the lump is
> still present, and had not been removed.

(*Id.*, PageID.29). Mitchell alleges that the lump is continuing to grow and that he now

suffers from partial paralysis in his right inner thigh. (*Id.*, PageID.30). In addition to

monetary damages, Mitchell seeks injunctive relief in the form of an order directing that

he "be seen by a specialist as soon as possible to determine what has to be done to remedy

his medical problem …." (*Id.*, PageID.33).[6]

### B.    Standard of Review

In their motion to dismiss, Defendants argue that Mitchell's claims against them

should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[7] (ECF No. 28, PageID.253-60).

Such a motion tests a complaint's legal sufficiency. Under Fed. R. Civ. P. 8(a)(2), a

complaint must contain a "short and plain statement of the claim showing that the pleader

---

[6] Mitchell also alleges that he requested copies "*from the MDOC health care* for the medical
reports of MD Frank Lamarca and Henry Ford Allegiance Hospital" and that he was "denied" the
requested documents. (ECF No. 41, PageID.313) (emphasis added). It is clear, then, that any
claim Mitchell has based on the failure to provide medical records is not directed at Allegiance or
Dr. Lamarca.

[7] Defendants raise several other arguments in their motion to dismiss. For example, they argue (1)
that Mitchell failed to exhaust his claims against them; (2) that they are entitled to qualified
immunity; and (3) that Mitchell's claims are barred by the statute of limitations. (ECF No. 28,
PageID.260-65). Because the Court is recommending dismissal of Mitchell's claims against
Defendants on other grounds, it need not address in detail the merits of these other arguments.

is entitled to relief[.]"  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556.  Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56); *see also Twombly*, 550 U.S. at 555 (to overcome a motion to dismiss, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level") (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This tenet, however, "is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to

sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless[,]" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

"In ruling on a motion to dismiss, the Court may consider the complaint as well as … documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims[.]" *O'Dell v. Hope Network West Mich./Mich. Educ. Corps.*, No. 20-11192, 2021 WL 308116, at *4 (E.D. Mich. Jan. 29, 2021); *see also Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings.").

## C.    Analysis

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under

7

color of state law. *See Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional, not merely negligent. *See Butler v. Pickell*, No. 21-10817, 2021 WL 3566276, at *2 (E.D. Mich. Aug. 12, 2021) (citing *Fisher v. City of Memphis*, 234 F.312, 317 (6th Cir. 2000)).

### 1.     The Applicable Legal Standards

In this case, Mitchell alleges that Dr. Lamarca violated the Eighth Amendment when he was deliberately indifferent to Mitchell's serious medical needs.[8]  To succeed on such a claim, Mitchell must satisfy two elements: one objective, and one subjective.  Specifically, he must show that he had a serious medical need (the objective prong) and that Dr. Lamarca, being aware of that need, acted with deliberate indifference to it (the subjective prong).  *See Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010).

With respect to the objective prong, a serious medical need must be more than "mere discomfort or inconvenience." *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005) (internal quotations omitted).   Rather, "[t]he objective component requires the existence of a sufficiently serious medical need." *Broyles v. Corr. Med. Servs., Inc.*, 478 F. App'x 971,

---

[8] Mitchell alleges that Allegiance "is also responsible for [his] pain and suffering … because of the actions of Dr. Frank Lamarca," *i.e.*, because Allegiance "employed Dr. Lamarca, who performed the operation that did not remedy the pain which [Mitchell] is dealing with." (ECF No. 13, PageID.25).  Such a claim fails, however, because Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*, *i.e.*, supervisory liability.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Here, where Mitchell's claim against Allegiance is not based on an allegation that Allegiance had an official policy or custom of tolerating federal civil rights violations, but, rather, is based on the fact that Allegiance merely employed Dr. Lamarca, his claims against Allegiance fail as a matter of law.  *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (like a municipal corporation, a private health care corporation's "liability must also be premised on some policy that caused a deprivation of [a prisoner's] Eighth Amendment rights").

975 (6th Cir. 2012). A serious medical need is one that "has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004) (emphasis in original). An injury is sufficiently serious to satisfy the objective component if a reasonable doctor or patient would find it "important and worthy of comment or treatment"; if it "significantly affects an individual's daily activities"; or if its existence causes "chronic and substantial pain." *Sarah v. Thompson*, 109 F. App'x 770, 771 (6th Cir. 2004) (internal citations omitted).

To satisfy the subjective prong, the plaintiff must show that the defendant possessed "a 'sufficiently culpable state of mind,' rising above negligence or even gross negligence and being 'tantamount to intent to punish.'" *Broyles*, 478 F. App'x at 975 (quoting *Horn v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994)). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it. Mere negligence will not suffice. Consequently, allegations of medical malpractice or negligent diagnosis and treatment generally fail to state an Eighth Amendment claim of cruel and unusual punishment." *Broyles*, 478 F. App'x at 975 (internal citations and quotations omitted).

Moreover, a plaintiff must demonstrate that the defendant knew of and disregarded an excessive risk to inmate health or safety by showing that (1) he was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and (2) he actually drew the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The

9

requirement that the defendant subjectively perceived a risk of harm and then disregarded it is "meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). As the Sixth Circuit further explained in *Comstock*:

> When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation. On the other hand, a plaintiff need not show that the official acted "for the very purpose of causing harm or with knowledge that harm will result." Instead, "deliberate indifference to a substantial risk of serious harm to a prison is the equivalent of recklessly disregarding that risk."

*Id.* (internal citations omitted) (quoting *Farmer*, 511 U.S. at 835-36).

The law is clear, however, that mere differences of opinion or disagreements between a prisoner and prison medical staff over the kinds of treatment a prisoner needs do not rise to the level of deliberate indifference. *See Umbarger v. Corr. Med. Servs.*, 93 F. App'x 734, 736 (6th Cir. 2004). Courts distinguish between "cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (internal quotations omitted). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

2.   *Mitchell Has Failed to State an Eighth*
*Amendment Claim Against Dr. Lamarca*

As an initial matter, there can be no doubt that the objective prong of Mitchell's Eighth Amendment claim is satisfied; the fact that he required extensive and invasive back surgery demonstrates that he had a "sufficiently serious medical need." *Broyles*, 478 F. App'x at 975.

However, Mitchell has not satisfied the subjective prong of his deliberate indifference claim, as he has not alleged facts suggesting that Dr. Lamarca possessed "a sufficiently culpable state of mind, rising above negligence or even gross negligence and being tantamount to intent to punish." *Id.* (internal quotation marks omitted). Indeed, in both his complaint and amended complaint, Mitchell makes clear that Dr. Lamarca provided him with surgical consultation, surgery, and follow-up care for his spinal condition. (ECF Nos. 1, 13). The operative report quoted in Mitchell's complaint (and attached as an exhibit to Mitchell's amended complaint) shows that Dr. Lamarca performed several surgical procedures on him, including "[r]ight complete foraminotomy and resection of cyst[.]" (*Id.*, PageID.40, 44-52). While Mitchell clearly has a difference of opinion as to whether Dr. Lamarca should or should not have proceeded in the manner he did, Mitchell's disagreement with Dr. Lamarca's surgical treatment of his condition does not, without more, rise to the level of stating a claim for deliberate indifference, particularly when Mitchell was informed of the surgery to be performed and consented to it.[9]

---

[9] Moreover, even assuming the truth of Mitchell's allegation that Dr. Stallman at KCF later told him that Dr. Lamarca "did not know what he was doing" (ECF No. 13, PageID.29), such an alleged

Even if the surgery performed was the "wrong" one in Mitchell's opinion, he fails to allege any facts demonstrating that Dr. Lamarca performed the surgery wantonly (or even unreasonably) based upon his examination findings.  Nor does Mitchell allege facts suggesting that Dr. Lamarca made the decision to drain the cyst during surgery in conjunction with the repair and stabilization of Mitchell's spine knowing that doing so would involve an excessive risk to Mitchell's health or safety.  *See Farmer*, 511 U.S. at 837.

The closest Mitchell comes to alleging facts that could potentially support a deliberate indifference claim is his allegation that he went into surgery to have the "lump" removed from his lower back, but that "the lump is still to this day in his lower back and had not been removed" by Dr. Lamarca.  (ECF No. 13, PageID.27).  While Mitchell's complaint is entitled to a liberal construction, that allegation contains no *facts* suggesting that Dr. Lamarca *consciously disregarded* an excessive risk to Mitchell's health.  Thus, the allegation merely "create[s] speculation or suspicion of a legally cognizable cause of action," which is insufficient as a matter of law to state a claim for relief.  *League of United Latin Am. Citizens*, 500 F.3d at 527; *Twombly*, 550 U.S. at 555.  In short, Mitchell has not alleged facts even remotely suggesting that Dr. Lamarca acted with deliberate indifference to Mitchell's serious medical needs.

Moreover, where, as here, examination and treatment are rendered, deliberate

---

difference of opinion between physicians does not state a claim for deliberate indifference either.  *See Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (differences of opinion between prison doctors and a specialist's recommended treatment did not establish deliberate indifference).

indifference generally cannot be found. *See, e.g., Westlake*, 537 F.2d at 860 n. 5 ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); *Comstock*, 273 F.3d at 703 ("When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation."); *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) ("A doctor is not liable under the Eighth Amendment if he or she provides reasonable treatment, even if the outcome of the treatment is insufficient or even harmful."); *DeLong v. Nelson*, No. 17-11783-PBS, 2019 WL 4193423, at *11 (D. Mass. Sept. 3, 2019) (negligent performance of surgery, while unfortunate, does not rise to the level of deliberate indifference); *Royal v. Ierokomos*, No. 2:20-CV-0218-DMC-P, 2021 WL 3418676, at *4 (E.D. Cal. Aug. 5, 2021) (plaintiff's allegations that doctor was negligent and unprofessional did not state a claim for deliberate indifference; even if doctor "botched" plaintiff's surgery and "violated professional norms in performing a surgery" to which plaintiff did not consent, causing plaintiff significant pain, "negligence in the provision of medical care does not violate the Eighth Amendment"). At most, then, Mitchell has alleged that Dr. Lamarca was negligent or committed medical malpractice when performing surgery on his back. Because such allegations fail to state a claim for deliberate indifference, Mitchell's Eighth Amendment claim against Dr. Lamarca should be dismissed.

Finally, to the extent Mitchell's complaint can be read as asserting a state law claim

for medical malpractice, Defendants argue that such a claim fails because Mitchell never served them with a notice of intent to file a claim, as required by M.C.L. § 600.2912b, nor did he file an affidavit of merit, as required by M.C.L. § 600.2912d.  (ECF No. 28, PageID.261-63).  Mitchell has not come forward with any argument or evidence to the contrary.  Indeed, in his response to Defendants' motion, Mitchell appears to deny that he is attempting to bring such a claim.  (ECF No. 41, PageID.318) ("… it is the Defendants whose briefing arguments alleging medical malpractice while Plaintiff's suit against them is deliberate indifference.").  Thus, even if Mitchell was attempting to allege a medical malpractice claim against Defendants, such a claim would also fail.

## III.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' Motion to Dismiss **(ECF No. 28)** be **GRANTED**.

Dated: September 20, 2024               s/David R. Grand
Ann Arbor, Michigan                     DAVID R. GRAND
                                        United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431

F.3d 976, 984 (6th Cir. 2005).   Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 20, 2024.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager