UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDO DEMETRIUS MITCHELL,

        Plaintiff,

v.

        Case Number 23-10325
        Honorable David M. Lawson
        Magistrate Judge David R. Grand

FRANK LAMARCA, HENRY FORD
ALLEGIANCE HOSPITAL, and DARREL
BARROWS,

        Defendants,
_____/

## ORDER DENYING REQUEST FOR EVIDENTIARY HEARING AND RECUSAL OF MAGISTRATE JUDGE, OVERRULING OBJECTION, ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS AMENDED COMPLAINT BY DEFENDANTS FRANK LAMARCA AND HENRY FORD ALLEGIANCE HOSPITAL

Plaintiff Orlando Mitchell, a prisoner in the custody of the Michigan Department of Corrections, filed a complaint without the assistance of an attorney alleging that he received inadequate medical care at the hands of Henry Ford Allegiance Hospital and Dr. Frank Lamarca, "outside" medical specialists to whom he was referred for treatment while he was in custody at the St. Louis Correctional Facility ("SLF") in St. Louis, Michigan. The case was referred to Magistrate Judge David R. Grand to conduct all pretrial proceedings. Thereafter, the defendants filed motion a to dismiss the amended complaint for failure to state a claim under the Eighth Amendment. Magistrate Judge Grand filed a report on September 20, 2024 recommending that the defendants' motion be granted.

The deadline for filing objections to the report expired on October 4, 2024. On October 16, 2024, the plaintiff filed a document titled "Objection in request for this Court to reconsider its decision defendant's motion for summary judgment ECF (#) & request for an evidentiary hearing based on fraud upon the Court requesting magistrate[']s recusal." ECF No. 58. In his filing, the

plaintiff represents that he did not receive the magistrate judge's September 20, 2024 report until October 8, 2024, which left him insufficient time to object by the deadline. Due to the apparent postal delays, the Court will construe the plaintiff's filing as a timely objection to the magistrate judge's recommendation.

I.

According to the amended complaint and Judge Grand's summary, the plaintiff was in custody at SLF when he noticed a lump on his lower back that cause pain. After a few months, medical personnel at SLF referred the plaintiff to Dr. Lamarca, a neurosurgeon, who diagnosed the condition and recommended surgery. The plaintiff consented to the procedure. Afterward, the plaintiff was discharged, and his medical hold was removed at SLF by defendant nurse practitioner Darrel Barrows. The plaintiff was not satisfied with the outcome of the surgery and believed that the lump on his back persisted. He asked to see other specialists. Later, he was transferred to another prison and saw Dr. Timothy Stallman, who allegedly told the plaintiff that there were problems with the treatment Dr. Lamarca had provided.

The plaintiff alleges in his complaint, later amended, that Dr. Lamarca was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when he failed properly to address his lower back pain with the surgical procedure to remove a cyst. In his report, Judge Grand explained that the plaintiff's complaint adequately alleged the objective component of an Eighth Amendment deliberate indifference claim but failed on the subjective component because he had not alleged facts suggesting that Dr. Lamarca possessed a sufficiently culpable mental state. Judge Grand also suggested that the plaintiff's complaint could not be construed to plead a viable state law medical malpractice claim because the plaintiff failed to follow several pre-suit procedural requirements.

II.

As mentioned above, the plaintiff filed a document, which the Court will construe as an objection to the report and recommendation. When a party files timely objections to a report and recommendation, the court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2), (3) (requiring court review of "any part of the magistrate judge's disposition *that has been properly objected to*") (emphasis added); *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

But this review is not plenary. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The plaintiff's only objection appears to be that the magistrate judge is prejudiced against him. As evidence, he cites the magistrate judge's decision to "grant a motion that has been withdrawn" and his lack of notice of certain filings in the case. The plaintiff articulates no other

objection to the magistrate judge's report grounded in law or fact, and has he not sought additional time to lay out other arguments.

The record is sufficient for the Court to adjudicate the plaintiff's objection without an evidentiary hearing, and there are no grounds to disqualify the magistrate judge. Section 455(a), Title 28, United States Code states that any judge "of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See also* Code of Conduct for United States Judges, Canon 3(C)(1). A judge must disqualify himself where, among other reasons, "he has a personal bias or prejudice concerning a party," or where he "knows that he, individually or as a fiduciary . . . has a financial interest . . . in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(1) and (5). The Court must ask whether "a 'reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993), *as amended* (Aug. 11, 1993) (quoting *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990) (some internal marks omitted). This standard is "*objective*" and is "'not based on the subjective view of a party.'" *Ibid*. And the source of the alleged bias must be "extrajudicial," that is, not arising from the judge's experience on the case. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (declaring that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible").

The plaintiff's first description of the magistrate judge's "prejudice" reflects a misunderstanding of the record. Judge Grand did not grant a withdrawn motion. Rather, he addressed the defendants' motion to dismiss the plaintiff's amended complaint. For background,

on February 27, 2024, in the first report and recommendation issued in this case, Judge Grand construed as an amended complaint a document filed by the plaintiff in response to a court order directing service on the defendants. *See* ECF No. 26, PageID.22. Defendants Henry Ford Allegiance Hospital and Frank Lamarca then withdrew their original motion to dismiss the plaintiff's complaint and filed a new one based on the allegations contained in the plaintiff's amended pleading. *See* ECF Nos. 27, 28. Judge Grand addressed Henry Ford and Lamarca's new motion in his September 20, 2024 report. The plaintiff's implication that the defendants' choice to withdraw and re-file their motion was untimely or improper lack merit for the reasons explained by Judge Grand in his May 9, 2024 order. *See* ECF No. 39, PageID.297-98 ("Defendants' course of conduct in withdrawing their prior motion that related to a complaint that had become moot, and then filing a new motion to dismiss as to the new amended complaint, was entirely appropriate and the most efficient means of advancing this litigation. And, from a technical standpoint, it was Judge Lawson's March 28, 2024 order adopting the R&R that established the deadline for the Allegiance Defendants to answer or otherwise respond to Mitchell's amended complaint. *See* Fed. R. Civ. P. 15(a)(3). Since the Allegiance Defendants filed the instant motion to dismiss on March 14, 2024 — even before the R&R was adopted — their motion was clearly timely.").

As for the plaintiff's other bias allegation, it does appear that there was a problem mailing to the plaintiff the magistrate judge's September 20, 2024 order denying his motion for alternative dispute resolution. *See* ECF No. 56. This has since been corrected. The plaintiff does not aver that he is missing other documents in the case, and the record reflects his active participation in the litigation. One mailing error is not evidence of prejudicial treatment. Contrary to the plaintiff's assertion, there is simply no evidence that the assigned magistrate judge is prejudiced against him; the record reflects that the magistrate judge has worked diligently to evaluate the plaintiff's claims

and consider each of his arguments in detail. Judge Grand repeatedly has generously construed the plaintiff's filings in light of his *pro se* status. The plaintiff's objection lacks merit and must be overruled.

### III.

The magistrate judge correctly concluded that the plaintiff failed to plead viable claims against defendants Henry Ford Allegiance Hospital and Frank Lamarca. The plaintiff's objections to the magistrate judge's report and recommendation do not have merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation issued on September 20, 2024 (ECF No. 52) is **ADOPTED**, and the plaintiff's objection (ECF No. 58) is **OVERRULED**. The plaintiff's requests for an evidentiary hearing and to disqualify the magistrate judge (ECF No. 58) are **DENIED**.

It is further **ORDERED** that defendants Henry Ford Allegiance Hospital and Dr. Frank Lamarca's motion to dismiss (ECF No. 28) is **GRANTED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   October 28, 2024