UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDO DEMETRIUS MITCHELL,

          Plaintiff,          Case Number 23-10325
v.                                             Honorable David M. Lawson
                                                Magistrate Judge David R. Grand
DARREL BARROWS and JOHN DOES,

          Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION FOR SUMMARY JUDGMENT, AND DISMISSING CERTAIN CLAIMS

Presently before the Court is the report issued on October 25, 2024 by Magistrate Judge David R. Grand under 28 U.S.C. § 636(b) on defendant Darrel Barrows' motion for summary judgment on the plaintiff's amended complaint. In his report, Judge Grand concluded that Barrows is entitled to dismissal of the claims against him due to the plaintiff's failure to exhaust his state administrative remedies as required by the Prison Litigation Reform Act (PLRA).

The deadline for filing objections to the report has passed, and no objections have been filed. The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the matter. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, the Court agrees with the findings and conclusions of the magistrate judge. The magistrate judge did not weigh in on whether the dismissal should be with or without prejudice, but it is well settled that a dismissal due to a plaintiff's failure to properly exhaust their claim should be without prejudice. *See Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006) ("[T]he appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice.").

The plaintiff's operative complaint (ECF No. 13) also named an unspecified number of John Doe defendants, but he has not attempted to identify them or effectuate service of process. If a defendant is not served within 90 days after a complaint is filed, the Court must dismiss the action or order service within a specified date. Fed. R. Civ. P. 4(m). The plaintiff took no steps in his amended complaint to identify the John Does, and his pleadings show no prospect of tying any of the anonymous defendants to his factual allegations. The proper exercise of discretion is to dismiss the action as to these unnamed defendants as well. *Wise v. Dep't of Def.*, 196 F.R.D. 52, 54-57 (S.D. Ohio 1999) (holding that absent good cause, courts have discretion under Rule 4(m) to either extend the deadline or dismiss the action without prejudice).

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 60) is **ADOPTED**, defendant Darrel Barrows' motion for summary judgment (ECF No. 47) is **GRANTED**, and the plaintiff's claims against defendant Darrel Barrows are **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the plaintiff's claims against the John Doe defendants are **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   November 20, 2024